Whitaker, Judge,
delivered the opinion of the court:
It is evident-from the testimony that the machine gun tripods requisitioned by. the defendant were altogether outmoded at the time of their requisition.. They had been so completely supplanted by improved models that they were *65 no longer of any use. Tbeir sole remaining value was the value of the material in them. We do not reiterate the reasons why they were no longer of any use for the purpose for which they were designed; these reasons are set forth in findings 11 to 13, both inclusive.
Plaintiff is entitled to recover their scrap value, which w’as-$212.00. This amount was tendered him oh September 27, 1943, which plaintiff refused. The material was requisitioned on November 16, 1942. For this delay in payment plaintiff is entitled to recover compensation, computed at four per cent per annum, which amounts to $7.28.
There was no taking of the tripods which plaintiff had in storage in Schenectady, New York. The only act of the defendant which possibly could be construed as a taking was-the issuance by the War Production Board of Limitation .Order L-230, which prohibited the sale, transfer or delivery of military arms. In Oro Fino Consolidated Mines, Inc. v. United States, 118 C. Cls. 18, we held that such an order did not constitute a taking. See also St. Regis Paper Co. v. United States, 110 C. Cls. 271, certiorari denied, 335 U. S. 815; and Foreign Trade Management Co. v. United States, 109 C. Cls. 587.
Judgment is rendered in plaintiff’s favor for $219.28.
Howell, Judge; MaddeN, Judge; LittletoN, Judge; and Jones, Chief Judge, concur.